IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 2271 |
| | ) | |
| **WARREN BALLENTINE** | ) | |

## MEMORANDUM OPINION AND ORDER

It has come to the Court's attention that several months ago, in late May 2021, Mr. Warren Ballentine, the defendant in this matter (a dismissed proceeding under 28 U.S.C. § 2255) filed a *pro se* motion to reconsider including a request to "remove all fines in this matter" and for a new trial. The Court apologizes for only recently becoming aware that the motion was pending.

A jury convicted Mr. Ballentine of fraud-related offenses in 2014, and in 2015 the Court sentenced him to a term of one day in prison (considered served) and three years of supervised release. In August 2017, the Court denied what it then understood to be a motion by Mr. Ballentine under 28 U.S.C. § 2255 to vacate his conviction and sentence. The Court granted a certificate of appealability on one of the claims. Mr. Ballentine filed a motion to reconsider the denial of the motion and also asserted a new section 2255 motion, claiming new adverse information about one of his trial attorneys. The Court denied the motion to reconsider in December 2017 and, in the same order, said that to file a new section 2255 motion Mr. Ballentine would have to get permission from the court of appeals under 28 U.S.C. § 2255(h). At the same time, the Court terminated Mr. Ballentine's term of supervised release early—at his request—meaning

that after late December 2017 he was no longer under court supervision.

Later the court of appeals concluded that because what this Court had understood to be Mr. Ballentine's first section 2255 motion had not been filed by him as such but instead had been recharacterized that way by the Court, Mr. Ballentine did not face a statutory bar on filing a second section 2255 motion. Mr. Ballentine then refiled the second section 2255 motion. The Court denied the motion in March 2019 and granted a certificate of appealability. It does not appear, however, that Mr. Ballentine pursued an appeal.

In September 2020, Mr. Ballentine filed a motion for new trial. It was unclear to the Court whether this amounted to a motion to reconsider the denial of the section 2255 motion or a request to file a new section 2255 motion. (The motion could not be deemed a timely motion for new trial based on newly discovered evidence under Fed. R. Civ. P. 33(b)(1), because it was filed well past the three-year time limit in that Rule.) The Court entered an order denying any request for reconsideration and stating that any request to file a new section 2255 motion would first have to be filed with and approved by the court of appeals under 28 U.S.C. § 2255(h). It does not appear that Mr. Ballentine either appealed the denial of the motion to reconsider or that he asked the court of appeals for permission to file a new section 2255 motion.

In his current motion, filed on May 25, 2021, Mr. Ballentine says that his second lawyer, Louis Meyer, had a brain "inuruism" (aneurysm, the Court assumes); he repeats his claims regarding the early-Alzheimer's diagnosis of his first lawyer, Charles Ogletree; and he makes arguments about the sufficiency of the evidence—including a repetition of his earlier-offered false statement that this Court, at sentencing, "Stated it

had heard NO eveidence [sic] to the fact that Warren Ballentine was guilty." This claim, as the Court has stated on earlier occasions, is utterly false.

The bottom line is that even if any of what Mr. Ballentine cites qualifies as "newly discovered evidence," which is doubtful at this point, any request for a new trial on that basis is untimely under Federal Rule of Criminal Procedure 33(b)(1). That rule says that any motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty," which in this case happened in 2014.

Second, because the Court has already adjudicated a motion under 28 U.S.C. § 2255 filed by Mr. Ballentine and designated by him as such, the Court lacks the authority to entertain a second such motion. Under 28 U.S.C. § 2255(h), the court of appeals must first authorize a second or successive motion. That has not happened here, and it does not appear that Mr. Ballentine has even asked the court of appeals to do so (aside from a separate motion he filed before that court in 2019, which the court of appeals denied in April of that year).

Third is Mr. Ballentine's request to eliminate what he refers to as "fines and cost." Actually the Court did not impose a fine, and the only "cost" it imposed was the mandatory special assessment of $600 ($100 per count of conviction). It is likely that Mr. Ballentine's request actually involves the mandatory restitution imposed by the Court in the amount of $140,940. Mr. Ballentine says that in addition to the remaining balance, "[t]he government is adding a 10% fee each month thats [sic] 12k a month thats [sic' 144k a year." Motion, p. 4. The Court is not completely familiar with the fee

3

that Mr. Ballentine is referencing,[1] but that aside, the Court lacks authority to revise the restitution order. "Generally, district courts lack subject-matter jurisdiction to revisit sentences already imposed upon defendants." *United States v. Lawrence*, 535 F.3d 631, 636 (7th Cir.2008). "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir.2003). The only statute or rule that even potentially applies is 18 U.S.C. § 3664(k), but that provision only allows a court to modify a restitution payment schedule in appropriate circumstances, not to reduce or eliminate the underlying restitution obligation. *See, e.g., United States v. Lallemand*, 207 F. App'x 665, 666 (7th Cir. 2006); *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006). The Court certainly understands that the restitution order, which outlasts Mr. Ballentine's now-completed term of supervised release, imposes a significant burden upon him and his family. But for better or for worse, the Court lacks the authority to modify the order.

## Conclusion

For the reasons stated above, the Court denies defendant Warren Ballentine's motion to reconsider and motion to remove fines and costs and motion for new trial [31]. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Warren Ballentine; 5119 Paces Ferry Dr; Durham NC 27712.

Date: December 13, 2021

_____
MATTHEW F. KENNELLY
United States District Judge

---

[1] The Court notes that in its written judgment in Mr. Ballentine's case, it specifically waived imposition of interest on the restitution.